### GLASER v. NATIONAL ALUMNI.

(Supreme Court, Appellate Term. February 27, 1906.)

1. MASTER AND SERVANT—CONTRACT OF EXCLUSIVE SERVICE—MODIFICATION—BURDEN OF PROOF—INSTRUCTION.
    Where plaintiff's claim rests upon an alleged modification of a written contract of exclusive service, made immediately after the execution of the original written contract, and, permitting plaintiff to serve another master, the jury should be instructed as to the burden resting upon plaintiff to establish the modification, and as to the significance of the alleged change.

2. SAME—SUFFICIENCY OF EVIDENCE.
    Where plaintiff's claim rests upon an alleged modification of a written contract of exclusive service with a corporation, it is incumbent on him to establish the authority of the treasurer by whom the alleged modification, permitting him to work for another, was made.

3. SAME—VIOLATION—DISCHARGE.
    Where one under contract of exclusive service does work for another than his employer, his employer is justified in discharging him without assigning any reason therefor.

    [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 30.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Adolph M. Glaser against the National Alumni. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Richard N. Evans, for appellant.
Samuel P. Goldman, for respondent.

GREENBAUM, J. The written agreement of the parties obligated plaintiff to give his exclusive service to defendant. As plaintiff expressly admits that he canvassed for subscriptions to a limited extent for another book concern during the term of his employment with defendant, he could only escape this obligation by establishing a modification of the contract permitting him to so serve another master. Had the pleadings been written, it would have been incumbent upon plaintiff to allege and prove a modification of the agreement in respect of its express provisions, and a performance of the contract as modified. As the pleadings were oral, and considering the way the proofs were submitted, we may assume that the case was tried on the theory that the pleadings were appropriate to the issues presented. It was, however, particularly important, where the plaintiff's claim rested upon an alleged modification of the written agreement, made within a few minutes after the agreement had been solemnly executed, to instruct the jury as to the burden which was upon the plaintiff to establish the modification, and to clearly explain the significance of the alleged change, which would have the effect of varying the written agreement.

Plaintiff's counsel urged upon the trial court that the testimony relating to permission to complete certain work for another party did not tend to vary the contract, but it is manifest that such was not the case. It was contradictory of the explicit terms of the contract, and defendant being a corporation, the authority of the treasurer, who it is claimed gave such permission, was a further fact which it was incumbent upon the plaintiff to establish.

The learned trial justice made no effort to instruct the jury upon the law applicable to the case, and failed to explain the obligations of the plaintiff as to the burden cast upon him to prove, by a fair preponderance of the evidence, a modification of the agreement and performance thereafter. Plaintiff admittedly performed work for the other book concern, and, unless there had been effected a lawful change in the contract of employment, defendant would have been justified in discharging the plaintiff without assigning any reason therefor at the time of his discharge.

Defendant's counsel presented requests to charge upon the law of the burden of proof, which the court declined to charge. It seems to me that justice requires a reversal of the judgment, so that upon a new trial the case may be submitted to the jury upon a careful and accurate charge.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.